**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: April 13, 2018
Date Decided: April 27, 2018

Thad J. Bracegirdle, Esquire
Andrea S. Brooks, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

Jeffrey L. Moyer, Esquire
Travis S. Hunter, Esquire
Nicole K. Pedi, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

RE: ***inTEAM Associates, LLC v. Heartland Payment Systems, LLC***
Civil Action No. 11523-VCMR

Dear Counsel:

This letter opinion addresses Plaintiff and Counterclaim Defendant's Motion for Reargument. For the reasons stated herein, the Motion is DENIED.

## I.     BACKGROUND[1]

On March 29, 2018, this Court issued its Order Crafting Remedy Following Remand (the "Remand Order") vacating the existing injunction against Heartland;

---

[1]     Terms not otherwise defined have the same meaning as in the Remand Order.

declining to issue new injunctions against Heartland, inTEAM, and Goodman; and ordering Goodman to pay $399,997.08 in money damages for violating his non-compete obligations. On April 5, 2018, inTEAM and Goodman filed their Motion for Reargument. On April 13, 2018, Heartland filed its opposition to inTEAM and Goodman's Motion.

## II.    ANALYSIS

Under Court of Chancery Rule 59(f), a party may move for reargument within five days after the filing of the Court's opinion.[2] Reargument will be granted only where the court "overlooked a decision or principle of law that would have controlling effect or . . . misapprehended the facts or the law so the outcome of the decision would be different."[3] A motion for reargument is not a mechanism to present new arguments or to relitigate claims already considered by the Court.[4]

---

[2]     Ct. Ch. R. 59(f).

[3]     *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014); *see also Medek v. Medek*, 2009 WL 2225994, at *1 (Del. Ch. July 27, 2009).

[4]     *E.g.*, *Oliver v. Bos. Univ.*, 2006 WL 4782232, at *1 (Del. Ch. Dec. 8, 2006) ("[N]ew arguments that have not previously been raised cannot be considered for reargument." (quoting *Lane v. Cancer Treatment Ctrs. of Am., Inc.*, 2000 WL 364208, at *1 (Del. Ch. Mar. 16, 2000))); *In re ML/EQ Real Estate P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

In the Remand Order, this Court found that the unclean hands doctrine barred injunctive relief for both inTEAM and Heartland and rejected Goodman's affirmative defenses.[5] inTEAM and Goodman now argue that the Court "materially misinterpret[ed] and misappl[ied] the Delaware Supreme Court's mandate."[6] Specifically, they disagree with the Court's interpretation of the Supreme Court's opinion as a reversal of both the holding that Goodman did not breach the non-compete and the finding that Heartland had knowledge of Goodman and inTEAM's actions.[7] As a result, inTEAM and Goodman aver that the Court erroneously awarded Heartland damages and ignored Goodman's affirmative defenses.[8]

All of inTEAM and Goodman's arguments in their Motion have been previously made and rejected. First, inTEAM already argued that the Delaware Supreme Court's decision precluded this Court from lifting the injunction previously entered against Heartland.[9] But the Court did not read the Supreme Court's opinion

---

[5]   *inTEAM Assocs., LLC v. Heartland Payment Sys., LLC*, 2018 WL 1560058, at *2, *5 (Del. Ch. Mar. 29, 2018) (ORDER).

[6]   Pl. and Countercl. Def.'s Mot. for Reargument 2.

[7]   *Id.* at 4–5.

[8]   *Id.* at 9–14.

[9]   *Compare* Pl. and Countercl. Def.'s Answering Br. on Remand 2 ("The Delaware Supreme Court explicitly affirmed this Court's entry of an injunction against

to prohibit it from vacating Heartland's injunction as an appropriate remedy on remand. Thus, the Court rejected inTEAM and Goodman's arguments and vacated the injunction based on inTEAM's unclean hands.[10] Second, inTEAM already argued that Heartland's affirmative defenses should not be considered on remand because Heartland did not raise this issue on appeal.[11] inTEAM's contention notwithstanding, this Court followed the Supreme Court's instruction to consider an appropriate remedy for Heartland on remand.[12] This Court concluded that the doctrine of unclean hands barred both inTEAM and Heartland from receiving

---

Heartland and that decision is final."), *and id.* at 39 ("Heartland's request that this Court vacate the injunction against it is baseless since the Delaware Supreme Court specifically affirmed this Court's entry of the injunction against Heartland."), *with* Pl. and Countercl. Def.'s Mot. for Reargument 10 ("On remand, the Court found that inTEAM was guilty of unclean hands and vacated on that ground the injunction previously entered against Heartland – even though the entry of the injunction had been affirmed by the Supreme Court.").

[10] *inTEAM Assocs.*, 2018 WL 1560058, at *2.

[11] *Compare* Pl. and Countercl. Def.'s Answering Br. on Remand 39–40 ("The Supreme Court did not instruct this Court to consider Heartland's affirmative defenses because it already affirmed this Court's finding of Heartland's breach and the remedy for that breach."), *and id.* at 40 ("Heartland never asserted on appeal its entitlement to re-argue affirmative defenses on remand."), *with* Pl. and Countercl. Def.'s Mot. for Reargument 4 ("[T]he Supreme Court did *not* . . . direct this Court to reconsider its prior rejection of Heartland's affirmative defenses – in fact, Heartland never challenged those aspects of the Court's judgment in its appeal.").

[12] *Heartland Payment Sys., LLC v. inTEAM Assocs., LLC*, 171 A.3d 544, 547 (Del. 2017).

equitable relief.[13]   Third, Goodman continues to assert that his breach of contract falls outside of the statute of limitations.[14]   The Court considered and rejected this argument in the Remand Order.[15]   Fourth and finally, inTEAM argues that "Heartland fail[ed] to prove that inTEAM was not being transparent" with its development activities.[16]   But the Court considered this argument and determined that the Supreme Court must have rejected inTEAM's disclosure argument because "[o]therwise, waiver would have been the necessary outcome in the Supreme Court's opinion."[17]   inTEAM clearly disagrees with the Court's Remand Order.   But that disagreement is not proper grounds for reargument.   inTEAM improperly seeks to rehash arguments that this Court has already considered and rejected.   The proper vehicle for inTEAM and Goodman's arguments is appeal.[18]

---

[13]   *inTEAM Assocs.*, 2018 WL 1560058, at *2.

[14]   Pl. and Countercl. Def.'s Mot. for Reargument 13 ("But the Remand Order ignores Mr. Goodman's defense that Heartland's damages are barred by the statute of limitations, in whole or in part, as raised on remand.").

[15]   *inTEAM Assocs.*, 2018 WL 1560058, at *5 ("Goodman's affirmative defense[] of laches . . . fail[s] because Heartland lacked knowledge of Goodman's breaching behavior.").

[16]   Pl. and Countercl. Def.'s Sur-Reply Br. 11–12.

[17]   *inTEAM Assocs.*, 2018 WL 1560058, at *5 n.4.

[18]   *See* Supr. Ct. R. 8.

### III.    CONCLUSION

For the foregoing reasons, inTEAM and Goodman's Motion for Reargument

is DENIED.

**IT IS SO ORDERED**.

Sincerely,

*/s/Tamika Montgomery-Reeves*

Vice Chancellor